UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ROBERT McCULLOUGH, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CIVIL NO. 1:12cv398 |
| IPFW UNIVERSITY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on a motion to dismiss, filed by the defendant, The Trustees of Purdue University[1] ("Purdue"), on November 29, 2012. The plaintiff, Robert McCullough ("McCullough"), filed his response on January 9, 2013, to which Purdue replied on January 28, 2013.

Also before the court is a motion to amend complaint filed by McCullough on January 9, 2013. Purdue responded to the motion on January 30, 2013. McCullough has declined to file a reply.

For the following reasons, the motion to dismiss will be granted and the motion to amend will be denied.

## Discussion

McCullough, who was employed by Purdue as the Director of its Archeological Survey, alleges that he was terminated in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b). He has also alleged Purdue retaliated against him. McCullough

---

[1] "IPFW University" is not a properly named party defendant. *See* Indiana Code § 21-23-2-3.

seeks compensatory and punitive damages, as well as attorney's fees and costs. Purdue has filed a motion to dismiss McCullough's ADEA claims pursuant to Rule 12(b)(1) or, alternatively, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion under this rule addresses the issue of whether the court has subject-matter jurisdiction over the pending action. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999 (7th Cir. 2003). When reviewing a motion to dismiss under this standard, the "court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the Plaintiff." *Id*. at 1001. The court may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*.

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Autry v. Nw. Premium Serv., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998) (citing Fed. R. Civ. P. 12(b)(6)). "A complaint is properly dismissed under 12(b)(6) if looking only at the pleadings, taking all the facts alleged by the plaintiff to be true, and construing all inferences in favor of the plaintiff, the plaintiff fails to state a claim upon which relief can be granted." *Pleva v. Norquist*, 195 F.3d 905, 911 (7th Cir. 1999) (citations omitted).

Purdue correctly asserts that, as a state university, it is an instrumentality of the State of Indiana and is thereby immune from ADEA damage suits. The Trustees of Purdue University are a creation of the Indiana General Assembly. Ind. Code § 21-23-2-3. As a state supported institution of higher education, Purdue is an instrumentality of the State of Indiana and thus

enjoys the full measure of the state's immunity under the Eleventh Amendment. *Kashani v. Purdue University*, 813 F.2d 843, 845 (7th Cir. 1987), *cert. denied*, 484 U.S. 846, 108 S.Ct. 141 (1987).

State sovereign immunity bars McCullough's claims under the ADEA. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); 29 U.S.C. § 621 *et seq*. For Congress to subject a non-consenting state to a federal suit by one of its citizens, it must: (1) make its intention to abrogate the state's sovereign immunity clear; and (2) act pursuant to valid powers under Section 5 (the Enforcement Clause) of the Fourteenth Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996). In *Kimel*, the U.S. Supreme Court held that Congress acted beyond its authority under Section 5 when it extended private suits under the ADEA to state government employers. The *Kimel* court held that state employees may not sue their non-consenting state employers in federal court because such suits are barred by the Eleventh Amendment, and Congress' attempt to abrogate the states' Eleventh Amendment immunity was unconstitutional. *Id*. at 91.

Due to Purdue's status as an instrumentality of the State of Indiana, *see Kashani supra*, Purdue is immune from McCullough's claims under the ADEA. Consequently, this Court lacks subject matter jurisdiction over McCullough's ADEA claims against Purdue and his claims will be dismissed pursuant to Rule 12(b)(1)of the Federal Rules of Civil Procedure.

McCullough has never responded to Purdue's immunity argument. Rather, McCullough filed a motion to amend his complaint. McCullough seeks to "include a claim for violation of the Due Process Clause of the United States Constitution as well as the Equal Protection Clause of the 14th Amendment, as a result of his pretextual termination." McCullough has not identified

3

any statute upon which he bases his due process claim, but states in his proposed amended complaint that he is alleging violations "of the Fifth and Fourteenth Amendments of the United States Constitution." With respect to his proposed equal protection clause violation, McCullough's proposed amended complaint alleges that he was denied equal protection when Purdue engaged in age based discrimination.

Purdue has objected to the motion to amend, noting that the proposed amended complaint cannot withstand a motion to dismiss. Purdue correctly asserts that McCullough's additional claims arise pursuant to 42 U.S.C. § 1983. The law clearly provides that a § 1983 claim requires a showing that the plaintiff's rights were allegedly violated by a "person" acting under color of state law. *See* 42 U.S.C. § 1983. It is well-settled that a state (in this case, Purdue) is not a "person" for purposes of McCullough's constitutional claims. *See Williamson v. Indiana Univ.*, 345 F.3d 459, 463 (7th Cir. 2003)(holding that a § 1983 claim was properly dismissed where the plaintiff named Indiana University as a defendant)(citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265 (7th Cir. 1999)).

In *Williamson*, the Seventh Circuit specifically noted that "state universities are entities of the state" and "[n]o cognizable claim under the civil rights statutes can be brought against a state, because it is not a "person for the purposes of those provisions." *Id*. (citing *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000); *Kaimowitz v. Bd. of Trustees of Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991)). As noted above, The Seventh Circuit has also held, as a matter of law, that Purdue is an arm of the state entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983. *Kashani v. Purdue University*, 813 F.2d 843, 848 (7th Cir. 1987), *cert. denied*, 484 U.S. 846, 108 S.Ct. 141 (1987).

4

Therefore, it is abundantly clear that McCullough's proposed amended complaint could not withstand a motion to dismiss as the claims he seeks to add to his complaint are legally insufficient. Accordingly, McCullough's motion to amend complaint will be denied.

Conclusion

For the foregoing reasons, the defendant's motion to dismiss [DE 9] is hereby GRANTED. Further, the plaintiff's motion to amend complaint [DE 14] is hereby denied.

Entered: February 11, 2013.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court